ALFRED BISSELL, PLAINTIFF IN ERROR, v. CLINTON
FLETCHER, DEFENDANT IN ERROR.

1. **Public Lands of United States:** SURVEY: EVIDENCE.
In the surveys of the public lands of the United States, the meander lines are generally considered as following the windings of streams; but the question whether they do so or not is a question of fact to be determined by evidence *aliunde*.

2. ———: MEANDER LINES ALONG RIVERS. Where there is a strip of land between the back of the river and the meander line, an entry of government land bounded by the meander line will not include such strip.

3. ———: ———: ACCRETIONS. Where lands had formerly extended to the meander line and the testimony showed that there had been a change in the channel of a river of about three-fourths of a mile, but no accretion to the plaintiffs' land, *Held*, That the boundaries of his land did not extend to the new channel nor beyond the meander line.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*John Dawson*, for plaintiff in error.

*E. A. Fletcher* and *W. J. Lamb*, for defendant in error.

MAXWELL, CH. J.

This is an action of ejectment, brought by the plaintiff against the defendant to recover possession of certain land which the plaintiff claims belongs to lot 3, sec. 31, T. 2 N., R. 18 W., in Harlan county. On the trial of the cause the court below found the issues in favor of the defendant and dismissed the action.

There is no dispute about the essential facts in the case, and they are as follows: The plaintiff is the owner of lot 3 in sec. 31, T. 2 N., R. 18 W., and is entitled to and is in possession of the same except as hereinafter stated. This lot is shown by the plat and patent introduced in evidence; contains $52\frac{60}{100}$ acres. The plat shows that the south-west corner of the lot extends to the north channel of the Republican river, and there is some testimony tending to show a meander line between the river and the south line of said tract. The defendant is the owner of lots 6 and 7 in said section and was the owner thereof at the commencement of this action. These lots lie south of lot 3, and in fact between it and the river as it flows at

present.   The contention of the plaintiff is, that lot 3 extends to the river; and notwithstanding the fact that lot 3 contains all the land the plaintiff purchased and paid for, and the effect of the extension of the line would be to give him about 117 acres of land to which he seems to have no equitable right, still he contends the law declares the land to be his.   It is also shown that lots 4 and 5 in said section, if the plaintiff is entitled to recover, would also be extended to the river and absorb a considerable portion of the tract that the plaintiff claims.   There is a paucity of testimony as to the character of the channel of the river along which the meander lines were run; whether in fact the river flowed there at the time the original surveys were made in 1865 and 1869 is not proved.   The testimony tends to show that the river at the present time flows about three-quarters of a mile south of lot 3.   As to when this change of the channel took place, there is no proof.   It is not claimed, however, nor is there any proof that lots 6 and 7 are an accretion to lot 3.   The case. therefore, is similar in most respects to that of *Lammers v. Nissen*, 4 Neb., 245.   In that case this court, GANTT, J. delivering the opinion of the court, said (page 251):   "The mere fact that it is run and is designated upon the plats as a meandered line, certainly cannot be conclusive in the matter.   To establish the doctrine that such meander line is conclusive, would estop the government from disposing of lands left unsurveyed between such line and the bank of the stream, and would prevent the correction of mistakes made by surveyors in such case, and would be in direct conflict with the well settled rule of law defining what is an accretion to land."   This, we think, states the law correctly.   The rule seems to be that if, when the entry of public land is made, the bank of the river at an ordinary stage of water was in fact where the meander line was represented by the survey, and land has since been formed by accretion, it will become the land of the person who

has title to the land immediately behind it.    *New Orleans v. United States*, 10 Peters, 717.    *Granger v. Swarts*, 1 Woolw. C. C. R., 91.    But the plaintiff does not claim the land in controversy as an accretion, and has no right or title to lots 6 and 7 as a part of lot 3.    The judgment of the district court is clearly right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.