JOHN FULLER

v.

J. VICTOR DAUPHIN.

*Filed at Ottawa May 9, 1888.*

1. BOUNDARY—*as to land lying along a river or slough.* The title of a riparian owner whose land is bounded by a navigable slough or arm of the Mississippi river, extends to the middle thread of the slough, and includes islands which are separated from the mainland, and which lie between the mainland and the center of the slough.

2. SAME—*meandered line, whether a boundary line.* A meandered line which is run along a water-course, merely for the purpose of ascertaining the quantity of land in the fraction lying upon a river or slough, is not a boundary line, when it appears only from the minutes of the survey, and does not appear upon the plats filed in the land office.

3. SWAMP LAND—*embraced only such land as the United States owned.* A conveyance under the swamp land acts can not pass title to any lands which had been conveyed by the United States previously to the passage of such acts.

APPEAL from the Circuit Court of Carroll county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. JAMES SHAW, for the appellant:

Riparian owners of land bounded by a stream not navigable, in the technical sense, hold the land to the center thread of the stream ; and the water and soil under it, and stone quarried, and unsurveyed islands between the *filum aquæ* and the shore opposite such land, all belong exclusively to such riparian owners. The same is true of all islands, peninsulas and low pieces of land, sometimes dry and sometimes submerged by the water, between such center of the stream and the shore of the adjoining land owner. *Middleton* v. *Pritchard,* 3 Scam. 510 ; *Canal Trustees* v. *Haven,* 11 Ill. 554 ; *City of Chicago* v. *Laflin,* 49 id. 172 ; *Lovingston* v. *St. Clair County,* 64 id. 56 ; *Railroad Co.* v. *Stein,* 75 id. 41 ; *Houck* v. *Yates,* 82 id. 179 ;

*Canal Trustees* v. *Haven,* 5 Gilm. 558; *Braxon* v. *Bressler,* 64 Ill. 448; *Ice Co.* v. *Shortall,* 101 id. 46; *Trustees of Schools* v. *Schroll,* 120 id. 509.

Meander lines are not boundary lines, but are lines run along conveniently near the shore, for the purpose of estimating the area in acres of the land covered by the grant. They are not monuments. They are not evidences that the grant stops there. They are never monuments or boundary lines in grants by the United States, especially where they are not traced on the original plats, but only preserved in the field notes. And in running meander lines, the government surveyors always seem to have kept along the higher, dry banks, and not to have waded or gone over the low, wet peninsulas, or little islands near the shore. *Middleton* v. *Pritchard,* 3 Scam. 510; *Lovingston* v. *St. Clair County,* 64 Ill. 56; *Houck* v. *Yates,* 82 id. 179; 5 Gilm. 558.

Under claim and color of title appellant may have paid taxes for the full period of seven years or more, under paper title purporting to convey; but the third requisite to make this a bar is fatally wanting. The possession attempted to be interposed to Fuller's paramount, fee simple title, is not of the character demanded under either clause of the Limitation act, sought to be made available here. It is not the adverse possession required by the law. *Scott* v. *Delany,* 87 Ill. 148; *Bolden* v. *Sherman,* 101 id. 483; *Turney* v. *Chamberlain,* 15 id. 271; *Kerr* v. *Hitt,* 75 id. 51; Tyler on Ejectment, 900.

Mr. J. M. HUNTER, for the appellee:

The evidence conclusively shows that the island in question was of the character of swamp lands, and was so recognized and taken by the county of Carroll, and sold to one Sheldon, October 5, 1854, through whom appellee derives title. *Railway Co.* v. *McDougal,* 113 Ill. 603.

Appellee has shown title under claim and color of title, made in good faith and deducible of record, and the payment

of taxes for more than seven years. *McDuffee* v. *Sinnott*, 119 Ill. 449; *Hurlbut* v. *Bradford*, 109 id. 397; *Flaherty* v. *McCormick*, 113 id. 538; *Holbrook* v. *Gouveneur*, 114 id. 623.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action of trespass, by Dauphin against Fuller, for cutting timber, resulting in a verdict and judgment for the plaintiff for $100 damages. The land upon which the timber is alleged to have been cut, is described in the declaration as "the island in Plum river slough," being part of the south-west quarter of section 10, and a part of the north-west quarter of section 15, township 24 north, range 3, east of the fourth principal meridian. The pleas were, not guilty, and a plea of *liberum tenementum.*

The chief question in this case seems to be one of boundary, merely. The *locus in quo* is an island of five acres, in what is called "Plum River Slough," a large running slough or arm of the Mississippi river, marked as "Navigable Plum River Slough" on the original government plat and survey, and being immediately below the town of Savanna, in Carroll county, in this State.

The plaintiff's claim of title is under the swamp lands acts of Congress and the State of Illinois, and a conveyance of the land, in 1854, by the county of Carroll, as swamp land, and also under the limitation statutes of the State. Defendant's claim of title is under a patent from the United States to Luther Bowen, of the date of May 1, 1845, conveying as follows: The west fraction of the south-west fractional quarter (west of Plum river) of section 10, in township 24, of range 3 east, in the district of lands subject to sale at Dixon, Illinois, containing $23\frac{10}{100}$ acres, according to the official plat of the survey of said lands returned to the general land office by the surveyor general. The question is, whether this description embraces this island.

The land is described in the declaration as parts of two fractional quarter sections in sections 10 and 15, but the proof only showed the cutting of timber on the north end of the island, located entirely on section 10. The land conveyed by this patent is described as "west of Plum river." Plum river appears to be on the east and north of it, and this Plum river slough west of it. On the west of Plum river slough, and between it and the main Mississippi river, is a large island, surveyed and platted, and sold by the government by patents. The land in controversy was never surveyed or platted by the general government, but in surveying the south-west fractional quarter of section 10, township 24, range 3, a meander line was run along the east bank of this navigable slough until it came down to this low piece of land, where the meander went to the east, along a bank, to the higher table land. The meander line was not marked on the government plat of the section, but was run simply as a meander, and not as a boundary line.

Appellant insists that the patent for this west fraction of the south-west fractional quarter of section 10, conveyed all land up to the middle thread of this navigable Plum river slough, and which would include this island. The case of *Middleton* v. *Pritchard*, 3 Scam. 510, would seem to be decisive of this question in favor of appellant. It was there decided that the Mississippi river is not a navigable stream at common law, and that the title of a riparian proprietor whose lands are bounded by it extends to the middle thread of the stream, and includes islands which are separated from the mainland by sloughs. Such extension of the grant by the patent here would include this island, it lying east of the middle line of this navigable slough. It was also held in that case, that a meandered line which is run for the purpose of ascertaining the quantity of land in the fraction, is not a boundary. It was there said: "But it appears the surveyor of the government traced the courses and distances along the margin of the slough next the mainland, in order to estimate the quantity of land

35—124 ILL.

in the fraction, and which estimate did not include the *locus in quo.* But the plats in the land office and surveyor general's office have no lines marking these courses and distances as a boundary. They are taken from the field notes of meandering in the surveyor general's office." This was precisely the case here. Thorp, the county surveyor, testified: "This government meander line along the east bank of the swale I made simply from the field notes of the original government survey. On the original plat made by the government, in connection with these field notes, no meander line is actually marked out in any other way than simply by giving their courses and distances. There is no line made or given on the map. * * * According to the marking on the face of the plat, Plum river slough is the west boundary of this land." The witness says further: "A meander line is a line run along water-courses. They are run for two purposes,—one is to show the course of the stream; another is to calculate the area or number of acres inside the meander, whatever that fraction may be. They are never marked on the maps or drafts, but are simply preserved in the field notes. They are only so preserved in the field notes of this survey."

In *Canal Trustees* v. *Haven,* 5 Gilm. 558, in reference to a grant claimed to be bounded by the Des Plaines river, it was insisted that the stream was meandered, and a plat thereof returned to the surveyor general's office, showing that the river was not included in the survey. The court, after remarking that such meandering appeared only by the minutes of the survey, and that neither the plats filed in the land or surveyor general's office showed any lines marking the courses and distances along the margin of the river as a boundary of the adjoining land, say: "As there was, therefore, no marked line upon the plat by which the grant was made, defining and limiting the land granted to the margin of the stream, the whole argument founded upon such a supposed state of facts fails," and then remark that a meandered line which is run

for the purpose of ascertaining the quantity of land in the fraction is not a boundary, had been settled by the former decision in *Middleton* v. *Pritchard.     Houck* v. *Yates,* 82 Ill. 179, re-affirms the decision that a meandered line is not a boundary line.     The meandered line here does not include the *locus in quo,* but, according to the authorities cited, a meandered line is not a boundary line, and, as stated by the surveyor, according to the marking on the face of the plat by which the grant was made, Plum river slough was the west boundary of the land granted, which carried the grant to the middle of the slough, and embraced the land in controversy.     Of course a conveyance under the swamp land acts could not pass title to anything which, previously to those acts, had been conveyed by the United States.

As respects appellee's claim of title under limitation acts, by possession and payment of taxes under claim and color of title, there manifestly has not been shown any such possession of the land by appellee as will suffice for the acquisition of title under any statute of limitation, or otherwise.

The judgment will be reversed, and the cause remanded for further proceedings.

*Judgment reversed.*