Harrison v. Stipes.

WILLIS HARRISON v. WALTER STIPES ET AL.

[FILED APRIL 7, 1892.]

1. **Government Land:** BOUNDARIES. Following *Lammers v. Nissen*, 4 Neb., 245, and *Bissell v. Fletcher*, 19 Neb., 725, it was *held* that an entry of government lands bounded by a meander line does not include land lying at the time between such meander line and the bank of the river.

2. **Directing Verdict.** It is proper to direct a verdict for defendant where the evidence fails to sustain the plaintiff's cause of action.

ERROR to the district court for Sarpy county. Tried below before CLARKSON, J.

*C. L. Hoover*, for plaintiff in error, cited: *House v. Wilder*, 47 Ill., 510; *Oleson v. Hendrickson*, 12 Ia., 222; *Robinson v. R. Co.*, 30 Id., 401; *R. Co. v. Shuckman*, 50 Ind., 42; *R. Co. v. Henks*, 91 Ill., 406.

*Ira V. Randall*, and *James Hassett, contra*, cited: *Lammers v. Nissen*, 4 Neb., 245.

NORVAL, J.

This is an action of ejectment brought by Willis Harrison to recover possession of certain real estate in fractional section 8, in township 13 north, of range 14 east, in Sarpy county.

The defendants in their answer admit that plaintiff is the owner of forty acres of the lands described in the petition, and disclaim any title to or interest therein, and deny that plaintiff has any title to the remainder of the lands.

After the parties had introduced their testimony, the court instructed the jury to return a verdict for the defendants. Judgment was rendered upon the verdict in favor of the defendants, to reverse which plaintiff prosecuted error.

Did the court err in taking the case from the jury? This must be answered in the negative, unless the evidence before the jury was sufficient to have warranted a verdict for the plaintiff. There is no conflict in the testimony. The plaintiff on the trial established a complete chain of title from the government of the United States to himself to an irregular tract, containing forty acres, being the same to which the defendants filed a disclaimer. The plaintiff seeks to recover a large quantity of land lying between the boundary of the forty-acre tract and the present channel of the Missouri river, the claim being that said land is an accretion to his forty-acre tract.

It appears that said fractional section 8 was surveyed by

the United States in 1856. The east and south boundaries of the section consisted of a meander line near the west bank of the Missouri river. The certified copy of the field notes made by the United States surveyor of said survey were introduced in evidence, from which it appears that there was a strip of land between this meander line and the channel of the river. It further appears from the testimony of plaintiff's witnesses, and we fail to find any evidence in the bill of exceptions to the contrary, that the original survey did not extend to the river, and that the strip lying east of the meander line was covered with a growth of willows and cottonwoods at the time of the survey. While the testimony shows that this land was occasionally subject to overflow, yet it also appears that it lay above the usual stage of water in the river. Since said survey, and after the patent was issued for the forty acres, the channel of the river has changed farther east a considerable distance. The plaintiff's claim to any portion of the strip lying between the meander line and the present channel of the river is not well founded for the reason that it is not an accretion to plaintiff's land. The case falls within the rule announced in *Lammers v. Nissen*, 4 Neb., 245, where it is held that " an entry of government land, bounded by a meander line, does not include land lying at the time between such meander line and the bank of the river." To the same effect is *Bissell v. Fletcher*, 19 Neb., 725. We are satisfied that the evidence would not have warranted a verdict for plaintiff. The court therefore did not err in directing the jury to return a verdict for the defendants. The judgment is

AFFIRMED.

THE other judges concur.