[Sac. No. 1027.   Department One.—January 27, 1903.]

## A. S. HENDRICKS, Respondent, v. FEATHER RIVER CANAL COMPANY et al., Appellants.

QUIETING TITLE—CONFLICT OF MINING CLAIM WITH PATENT—APPEAL FROM JUDGMENT—QUESTIONS NOT CONSIDERED.—In an action to quiet title under a United States patent to land bounded by a river against mining claimants of land included therein, where the evidence upon appeal from a judgment for the plaintiff is not returned, the findings must be accepted as conclusive, and questions as to the applicability of the law of the state, or of local mining customs, depending upon the evidence, cannot be considered.

ID.—BOUNDARY OF PATENT BY RIVER—FRACTIONAL SUBDIVISION—MEANDER-LINE—LOCATION OF MINING CLAIM.—A patent of a fractional subdivision, made such by bordering on a river, must be deemed bounded by the river, and not by the meander-line appearing upon the field-notes of the survey, to indicate the place of the watercourse, its sinuosities, courses, and distances; and a mining claim cannot be located between the meander-line and the river.

ID.—PRESUMPTION OF NAVIGABILITY.—If the navigability of the river should be deemed necessary to a boundary of the patent thereby, it must be presumed upon appeal, in the absence of the evidence, that the river was navigable at the point in question.

APPEAL from a judgment of the Superior Court of Butte County.   J. E. Prewett, Judge.

The facts are stated in the opinion.

John Gale, for Appellants.

Carlton Gray, and Warren Sexton, for Respondent.

CHIPMAN, C.—This appeal is from the judgment on the judgment-roll. Plaintiff brought the action to quiet his title to lot 1 of the northeast quarter and lots 2 and 3 of the southeast quarter of section 13, township 19 north, range 3 east, in Butte County, and bounded on the west and northwest by Feather River. Defendants disclaim any interest in the designated lots named, but deny that they are bounded on the west or northwest by the Feather River; aver ownership to a strip of land, being about thirty acres, lying westward of said lots and between them and the Feather River, which, it is averred,

the•defendants acquired as a placer mining claim. Plaintiff claims the river as his boundary-line, and defendants claim that the boundary is a meander-line, surveyed originally by courses and distances, which, it is contended, left the strip of land in question unoccupied and subject to entry.

The court found that the United States caused to be surveyed, in 1854 and 1855, certain lands in Butte County, of which the land the subject of the action was a part; that the courses and distances and lines run of the survey were noted in the field-book which was returned to the surveyor-general, who caused a description of the land surveyed to be made out and a plat to be made of the townships and fractional parts of townships contained in the lands surveyed, describing the subdivisions thereof and the marks and corners, and recorded said plat in books kept for that purpose in said surveyor-general's office; that a portion of said tract so surveyed and platted consisted of the fractional part of said section 13; in the findings are given the field-notes, showing the courses and distances and lines run affecting fractional section 13, and the court finds that said fractional part of said section is the land described in the complaint, and was described and platted by the surveyor-general by the same description as in plaintiff's complaint; that in 1880 a patent was issued to the Central Pacific Railroad Company by the same description, and by the same description plaintiff has title by mesne conveyances; "that the meander-line described in said field-notes does not in fact follow the meander-line of the left bank of said river, but runs easterly thereof at distances varying from a point to several hundred feet, and in fact leaves about thirty acres between it and the said meander-line of the left bank of the river;" that "said lots for over forty years have been known to be valuable for the minerals contained therein, and are now worth for that purpose over one hundred dollars per acre." The court also finds that certain named defendants were qualified mine locators, and made a mineral location of the said strip of land between the said meander-line of Feather River and the left bank of said river, containing about thirty acres, but that at the time of said location the "said land was not vacant, unexplored public land, and was not open for exploration or purchase." Among the conclusions of law, the court found "that the Feather River is the

boundary of said lots on the west, and the meander-line described in the said field-notes is not a boundary,'' and judgment passed for plaintiff accordingly.

Appellants make but two points: 1. That the rule of law stated in section 830 of the Civil Code has no application to the case; and 2. That the land in dispute is between the meander-line and the river, and said line definitely marks the west line of the lots described.

Whether or not the section of the code referred to is applicable would depend upon the evidence in the case, which is not brought here by this appeal. The findings of the court must be accepted as supported by the evidence. In discussing the second point appellants seem to rely in part upon existing local customs, which, it is claimed, our statute law recognizes. Suffice it to say that the record does not show the existence of any local customs. The argument as to the intention of the government in making the survey, and of the parties who acquired the title by patent, cannot have weight, for the reason that the evidence from which this intention is sought to be derived is not before us.

So far as the case is presented, it seems to be similar in its facts and to fall within the rule laid down in *Schurmeir* v. *St. Paul and Pacific R. R. Co.,* 10 Minn. 82,[1] subsequently affirmed by the United States Supreme Court, on writ of error, in the case entitled *Railroad Company* v. *Schurmeir,* 7 Wall. 272. The fractional subdivision in that case was made so by bordering on a navigable stream, which latter fact may or may not affect the rule. In the absence of the evidence, we must, in support of the judgment and findings, should it be necessary to do so, presume that Feather River, at the point in question, was shown to be navigable. It is therefore unnecessary to decide what the rule would be where the stream causing the fractional township is non-navigable, although the reasoning of the opinion in the case cited indicates that the non-navigability of the stream would not change the result in the present case. It was held by the Minnesota court that the correctness of boundaries of public lands, as shown by the government plat and survey under which sales have been made, cannot be questioned, and that where the plat shows that the lot is to be bounded by a river, the margin

[1] 88 Am. Dec. 59.

of the river, and not the meander-lines run by the surveyor, must control in determining what amount of land a grantee takes under his grant. In such case the meander-lines cannot limit the grant in the patent. After quoting from the United States statutes, the learned justice in his opinion proceeds: "The fractional townships are to be surveyed and sold with the adjoining townships, and it is to be observed that in the survey of such fractional subdivisions the lines must run to the watercourse, when the township is made fractional by a watercourse, and such watercourse is by the act designated as the external boundary of the fractional township. No law that we are aware of in terms requires the 'meandering' of watercourses, but the acts of Congress above referred to require the contents of each subdivision to be returned to, and a plat of the land surveyed to be made by, the surveyor-general. This makes necessary an accurate survey of the meanderings of the watercourse,—that is, the boundary of a fractional subdivision,—and the line showing the place of the watercourse and its sinuosities, courses, and distances is termed the meander-line. The field-books, therefore, necessarily show the watercourse to be the boundary of the tract or subdivision, and the plat should, and in this case does, correspond with the field-books. In this case the correctness of neither could in this respect be questioned." (See, also *Houck* v. *Yates,* 82 Ill. 179; *Fuller* v. *Dauphin,* 124 Ill. 542.[1])

It is advised that the judgment be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.    Van Dyke, J., Shaw, J., Angellotti, J.

---

[1] 7 Am. St. Rep. 388.