[Civ. No. 3709.   Third Appellate District.—March 29, 1929.]

D. D. MATTESON et al., Respondents, v. ALEX D. McCARTY et al., Appellants.

Joseph C. Meyerstein and Brown & Chamberlain for Appellants.

A. J. Carlson for Respondents.

MONCUR, J., *pro tem.*—This is an appeal from a judgment declaring that respondents are the owners and entitled to the possession of certain real property described in the complaint herein. There is no substantial controversy as to the facts.

The action was commenced on the third day of June, 1926. It appears that on and prior to the twentieth day of July, 1917, Lewis W. Mustoe and Polly J. Mustoe were the owners of certain described real property in the county of Stanislaus, state of California, bounded and particularly described as follows, to wit:

"Beginning at a point bearing north 11.94 chains from the northeast corner of section six (6) in township four (4) south, range eleven (11) east Mount Diablo base and meridian; running thence west 20.00 chains to the north and south quarter line, thence south 20.00 chains; thence east 1.36 chains, thence south *36.84 chains to the northerly bank of the Tuolumne River; thence following the northerly bank of the Tuolumne River up stream north 82-¼° east 0.60 chains; north 67° east 7.57 chains; north 56-¾° east 13.26 chains to the section line between sections 5 and six;* thence north on section line 46.40 chains to the point of beginning, *containing ninety-nine and 99/100 (99.90/100) acres. . . .* "

On said day said Lewis W. Mustoe and Polly J. Mustoe executed a conveyance to Charles Lampley, appellants' predecessor in interest, describing the lands hereinbefore specifically described, excepting particularly as follows:

" *. . . thence south 31.91 chains to a point on the U. S. meander line; thence north 69 degrees 30 minutes east along said U. S. meander line a distance of 19.903 chains to the U. S. meander corner on the section line between sections 5 and 6, township 4 south, . . . and containing 92.99 acres of land all north of the U. S. meander line.*"

This conveyance was recorded July 23, 1917, in the office of the recorder of Stanislaus County. On July 25, 1917, said Lewis W. Mustoe and Polly J. Mustoe executed a conveyance to G. E. Brinkerhoff, respondents' predecessor in interest, the description therein material to this decision, being as follows:

"Commencing at the *United States meander corner on the section line between sections 5 and 6 in township 4 south* range *11 east, said meander corner being 33.00 chains south of the northeast corner of said section 6; thence south 69° 30' west along the U. S. meander line* a distance of 19.903 chains to the west boundary of the land now or formerly owned by Lewis W. Mustoe; thence south a distance of 4.93 chains; thence north 82¼° east 0.60 chains; thence north 60° 00' east 7.57 chains; thence north 56-¾° east 13.26 chains to a point on the section line between said sections 5 and 6; thence north 1.46 chains to the United States meander corner, or the point of beginning, *containing 7.067 acres of land all south of the United States meander line.*"

This conveyance was recorded on the twenty-seventh day of July, 1917, in said recorder's office. As shown by the evidence, the following is the course and distance of the U. S. meander line running through sections 5 and 6 of said township: "On the north side beginning at meander post on north boundary of township on right bank; thence downstream in section 5, south $37\frac{1}{2}°$ west, 16.50 chains; south $51\frac{1}{4}°$ west, 17.00 chains; south 41° west, 12.20 chains. In section 6, south $69\frac{1}{2}°$ west, 33.60 chains; south $86\frac{1}{2}°$ west, 19.00 chains; north $79\text{-}\frac{3}{4}°$ west, 32.00 chains."

A recent survey of the lands in controversy shows that the portion south of the U. S. meander line consists of 7.078 acres and the portion north of said meander line contains 92.984 acres. The property consisting of about 7.65 acres lying between the Tuolumne River and the U. S. meander line is the parcel the Mustocs attempted to convey to Brinkerhoff, and which plaintiffs through mesne conveyances now claim.

Defendant Alex D. McCarty acquired the land in controversy February 23, 1922, and has been in possession of the land to the bank of the Tuolumne River since that time.

It is the contention of the appellants that the description "to and along the U. S. meander line," contained in the deed from the Mustoes to Lampley, conveyed to Lampley and his successors in interest (appellants) all the land above and below the said meander line and to the Tuolumne River, and in support of this contention urge that "a meander line represents the border line of a stream, and shows, to a demonstration, that the water course which it meanders, and not the meander line as actually run on the land, is the boundary." (*St. Paul & Pac. R. Co.* v. *Schurmeier*, 7 Wall. (U. S.) 272 [19 L. Ed. 74]; *Hardin* v. *Jordan*, 140 U. S. 384 [35 L. Ed. 428, 11 Sup. Ct. Rep. 808, 838, see, also, Rose's U. S. Notes]; *Curtis* v. *Upton*, 175 Cal. 322 [165 Pac. 935]; *Foss* v. *Johnstone*, 158 Cal. 119 [110 Pac. 294]; *Hendricks* v. *Feather River Canal*, 138 Cal. 423 [71 Pac. 496]; *Kirby* v. *Potter*, 138 Cal. 686 [72 Pac. 338].)

In the case of *St. Paul & Pac. R. Co.* v. *Schurmeier, supra,* it is said: "Meander lines are run in surveying fractional portions of the public lands bordering upon navigable rivers, not as boundaries of the tract, but for the purpose of defining the sinuosities of the banks of the stream, and as the

means of ascertaining the quantity of the land in the fraction subject to sale, and which is to be paid for by the purchaser.''

It is further claimed by appellants that the land acquired by Lampley having a natural boundary on the south, to wit, the Tuolumne River, the natural boundary is all controlling, and the other descriptions of courses and distances and acreage must yield to the natural boundary. (*Hostetter* v. *Los Angeles Terminal R. Co.*, 108 Cal. 42 [41 Pac. 330]; *Franklin* v. *Dorland*, 28 Cal. 175 [87 Am. Dec. 111]; *De Arguello* v. *Greer*, 26 Cal. 615; *Hunt* v. *Barker*, 27 Cal. App. 776 [151 Pac. 165].)

''However, it is not always true that the meander line does not furnish a description as to the true boundary intended. In surveys of the public lands of the United States, meander lines are generally considered as following the windings of streams, but the question whether they do or do not, is a question of fact to be determined by evidence *aliunde*.'' (*Bissell* v. *Fletcher*, 19 Neb. 725 [28 N. W. 303].)

Observing particularly in this case the apparent intention contained in the description of the lands as it had been conveyed to the Mustoes, which particular description reads, ''thence south 36.84 chains to the northerly bank of the Tuolumne River'' with the description in the deed from the Mustoes to Lampley, wherein the call reads as follows: ''thence south 31.91 chains to a point on the U. S. meander line; thence north 69 degrees 30 minutes east along said U. S. meander line a distance of 19.903 chains to the U. S. meander corner,'' and the further description, ''containing 92.99 acres of land all north of the U. S. meander line,'' it must be apparent that there was a definite intention in making this change not to convey the portion of the land south of the meander line, and between said meander line and the Tuolumne River. In this connection it seems clear that the grantor, in so designating the questioned boundary and in changing the acreage from substantially ninety-nine acres to ninety-two acres, manifested a definite intention to use the meander line as the boundary for the tract conveyed. In the case of *Hostetter* v. *Los Angeles T. Ry. Co.*, 108 Cal. 38, 42 [41 Pac. 330, 331], it is said:

"While a statement in a deed or upon a map as to the acreage of a certain tract of land is not at all conclusive or controlling as to the *quantum* of land in the tract; and while, as a matter of description, it must go down when coming in conflict with metes, bounds, and monuments, yet cases are presented where a statement of acreage renders most valuable aid in fixing boundary lines. If the description of tracts of land by monuments, distances, or otherwise is vague and indefinite by reason of conflicting lines, or by the omission of a line, or from any other cause, then a statement of the acreage sheds valuable light upon the issue, and often serves as the acting, moving cause for the conclusion reached. Such was the result in *Hicks* v. *Coleman*, 25 Cal. 142 [85 Am. Dec. 103]; and in *Hall* v. *Shotwell*, 66 Cal. 381 [5 Pac. 683], it is said: 'Now, it is well settled, where there is not a sufficient certainty and demonstration of the land granted expressed in the other terms of the description, the number of acres is an essential part of the description.' "

We hold that under the conveyance of July 20, 1917, by Lewis W. Mustoe and Polly J. Mustoe to Charles Lampley and the mesne conveyances whereby title was vested in the appellants, the tract of land south of the said meander line was not intended to be and was not conveyed, and that by the conveyance by the Mustoes to Brinkerhoff and the subsequent conveyances, plaintiffs herein were vested with title to the said seven-acre tract.

We are satisfied that the judgment is correct and it is, therefore, affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 27, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1929.

All the Justices present concurred.