[Sac. No. 5271. In Bank.—December 18, 1939.]

W. A. AUTRY et al., Respondents, v. HARRY PATTESON, as Sheriff, etc., et al., Appellants.

·Bryce Swartfager for Appellants.

Stoney, Rouleau, Stoney & Palmer and Royal E. Handlos for Respondents.

GIBSON, J.—This is an action to quiet title to real property and to enjoin sale of the same under a decree of foreclosure of mechanics' liens. In order to understand the issue presented here, it is necessary to review certain prior proceedings. Lottie L. Ewing and her husband made a note to J. Scharer and wife, secured by a mortgage on real property located in Sonoma County and known as the Fitch Mountain Tavern. The Ewings conveyed the property to Fitch Mountain Development Company, a corporation, which erected certain improvements thereon. Thereafter, the Scharers brought suit to foreclose the mortgage, and subsequent to the commencement of that action the Healdsburg Lumber Company and William Henry Chaney brought separate actions to foreclose mechanics' liens resulting from the improvements referred to. By stipulation, the three actions were consolidated and tried together. In the consolidated action, the court rendered a decree which directed a foreclosure of the mortgage and sale of the property, and having determined that the lien of the mortgage was superior and senior to the mechanics' liens, directed foreclosure of the mechanics' liens subject and subservient to the lien of the mortgage. The property was sold under the mortgage foreclosure decree to the Scharers and, there being no redemp-

tion, a commissioner's deed was executed to the Scharers, as grantees, who later conveyed to the plaintiffs, W. A. Autry and May C. Autry.

Thereafter, Joseph D. Cox, as trustee in bankruptcy of the estate of William Henry Chaney, sued to renew the mechanic's lien judgment and to foreclose and sell the property included in that judgment. An order of sale was issued and the sheriff advertised the property for sale, whereupon the plaintiffs, the purchasers of the title resulting from the mortgage foreclosure, brought this action to quiet title to the property and enjoin its proposed sale. The suit of Cox was brought upon the theory that the mortgage covered only a portion of the property which was subject to the mechanics' liens, that the additional property did not pass to the purchasers at the mortgage foreclosure sale, and that therefore it could be reached by the mechanic's lien claimants. The trial court in the present action found that the property involved in the mortgage, the conveyance, and the foreclosure actions, was the same, and rendered judgment for the plaintiffs. The defendants appealed.

The appellants contend that the mortgage foreclosure decree describes lands not contained in the mortgage, that the land described in the mortgage limits the power of the court to act in the foreclosure suit, and that the decree covering land wholly outside the mortgage is void. The respondents do not dispute the propositions of law presented by appellants, but they claim that the description in the mortgage was uncertain and that the court in the foreclosure action determined the scope of the description and the extent of the land to be affected by the decree. They further contend that since this decree has become final, the present collateral attack upon it must fail.

It appears from the record that considerable testimony was introduced in an effort to determine the land covered by the metes and bounds description contained in the mortgage, to ascertain the monuments therein referred to and their location, and to carry out certain lines and interpret certain designations. The metes and bounds description in the mortgage was followed by this recital: "Containing ten (10) acres, more or less, and known as the Fitch Mountain Tavern, which includes all buildings on said described property." The metes and bounds description as interpreted by appel-

726

lants contains approximately seven acres. The Fitch Mountain Tavern property as described in the deed from the Ewings to the Fitch Mountain Development Company, and in the mechanics' liens suits, contains approximately ten acres.

The decree of foreclosure rendered in the consolidated action sets forth the metes and bounds description, followed by the recital of the common name and acreage, just as in the mortgage, and thereafter reads as follows: "and being the same lands and premises as were conveyed by Lottie L. Ewing and A. M. Ewing to the Fitch Mountain Development Company, Inc., a corporation, by deed which said deed is duly recorded in the office of the county recorder of said Sonoma county excepting the lots as therein mentioned and also as set forth and described in the complaint of the Healdsburg Lumber Company, a corporation, against the Fitch Mountain Development Company, Inc., a corporation, now on file in this said Court in cause numbered 18453, excepting the lots as therein mentioned which said deed and complaint are hereby referred to for a more particular description of the lands and premises directed to be sold by this said decree".

■ It is apparent that the court in the foreclosure action was fully aware of the uncertainty of the description in the mortgage, and undertook quite clearly to point out that the tract involved was the same ten-acre area which had theretofore been known by the common name of Fitch Mountain Tavern, and which was the subject-matter of the mortgage, the deed, and the mechanic's lien foreclosure actions. This decree determined the issue as to the extent of the land involved in the mortgage foreclosure, clarified and made certain the description, and went into effect without objection by any of the parties to the proceedings. The present appellants were, by reason of the mechanic's lien suits, parties to the consolidated action. They must be deemed to have acquiesced in that determination, and are bound by the final judgment therein.

■ The court undoubtedly had power in the foreclosure action to clarify the uncertainty in the description, and in doing so to look to the common name and the recital of approximate acreage as a means of ascertaining the intention of the parties. (See *Doe* v. *Vallejo,* 29 Cal. 385; *Hall* v.

*Shotwell*, 66 Cal. 379 [5 Pac. 683]; *Hostetter* v. *Los Angeles etc. Railway Co.*, 108 Cal. 38 [41 Pac. 330]; *Matteson* v. *McCarty*, 98 Cal. App. 45 [276 Pac. 414].)

The judgment is affirmed.

Shenk, J., Houser, J., Curtis, J., Edmonds, J., Carter, J., and Waste, C. J., concurred.